# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENN B. MILTON,** | : | **CIVIL ACTION NO. 1:09-CV-1477** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **GRATERFORD**, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Glenn B. Milton, filed the instant petition pursuant to 28 U.S.C. § 2254, attacking sentences imposed by the Court of Common Pleas of Monroe County, following petitioner's pleas of guilty to two counts of Theft by Unlawful Taking in violation of 18 PA. CONS. STAT. § 3921. (Doc. 1, at 1.) For the reasons set forth below, the petition will be denied.

## I.   Background

"At two separate informations, [petitioner] pled guilty to one count of theft by unlawful taking. Under the sentencing guidelines, the offense gravity score for each count was three, and [petitioner] was classified as a repeat felon. Accordingly, the aggravated range minimum sentence for each offense was twenty-one months." (Doc. 10-2, at 21.) "Imposition of sentence was deferred pending the completion of a presentence investigation report by the Monroe County Probation Department." (Doc. 10, at 4.) Thereafter, on February 27, 2007, "[t]he court imposed two consecutive sentences, each one being not less than twenty-one nor more than

forty-two months' imprisonment. As such [petitioner's] sentences fell in the aggravated range. He filed a motion for reconsideration of sentence which was denied, and he then appealed." (Doc. 10-2, at 21.)

On appeal to the Superior Court of Pennsylvania, he raised the following issues: (1) the sentencing court erred in making repeated references to his felonious past without addressing the aggravating circumstances of his case; (2) the sentence is excessive because the court erroneously applied the repeat-felon status, and the presentence investigation report in at least one of his two cases did not contain a victim-impact statement; (3) the sentencing court "acted unreasonably by sentencing him to consecutive 'upper limit' (*i.e.*, aggravated range) sentences in that the court stated it imposed such a sentence because of his criminal history and not due to the impact on the victim(s) or [petitioner's] rehabilitative needs." (Doc. 10-2, at 24-25.) The superior court affirmed the judgment of sentence on January 31, 2008. (Id. at 26.) He filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on July 28, 2008. (Doc. 6-2, at 9.)

The instant petition was timely filed on July 31, 2009. (Doc. 1). The following issues are presented for review: (1) whether the trial court appropriately applied the sentencing guidelines to a first degree misdemeanor; (2) whether the trial court imposed an excessive sentence when the presentence investigation did not contain a victim impact statement; (3) whether the trial court erred in imposing sentences in the upper limit of the guideline range.

## II. **Discussion**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The United States Supreme Court has held that habeas matters involving a state court's discretionary acts in sentencing proceedings are not subject to federal review, unless a specific constitutional claim is allegedly violated. See Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir.1984) (a federal court has no power to review a state-imposed sentence in a habeas matter unless it involves a violation of a specific constitutional right). Indeed, "[a]bsent some constitutional violation, it is clear that, particularly in the area of state sentencing guidelines, federal courts cannot review a state's alleged failure to adhere to its own sentencing procedure." Knight v. Beyer, Civ. A. No. 88-3180, 1989 WL 68618, *6 (E.D. Pa. June 22, 1989) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)). Accordingly, a federal court will not reevaluate a sentence in a habeas corpus proceeding unless it exceeds the statutory limits. Jones, 725 F.2d at 42-43; see also Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir. 1984) ("As a general rule, federal courts will not review state sentencing determinations that fall within statutory limits."); Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975) ("This Court will not upset the terms of a sentence within statutory limits unless so disproportionate to the offense as to be completely

3

arbitrary and shocking."); Smith v. Wainwright, 664 F.2d 1194, 1196 (11th Cir. 1981) (although court will review alleged impropriety in sentencing process itself, it will not consider the severity of a sentence imposed within statutory bounds).

In the matter *sub judice*, petitioner did not argue, in either the state court proceeding or the instant petition, that a specific constitutional violation occurred during his sentencing proceedings. The issues presented in state court were handled in the following manner:

> One reason for allowance of appeal proffered by Appellant is his claim that the sentencing court made repeated references to his felonious past without addressing the aggravating circumstances of his case. Immediately after making this assertion in his brief, however, Appellant quotes a passage from the sentencing proceeding showing that the court did discuss aggravating circumstances. The court noted, *inter alia*, that Appellant tested positive for marijuana and cocaine at the time of the presentence report, that the presentence report indicated that he showed no remorse for his actions in this case, and that he was not truthful with his probation officer during the presentence investigation. Thus, Appellant's assertion is not supported by the record. Moreover, he offers no authority demonstrating that it was improper for the court to rely on the aggravating circumstances it cited.
>
> As another reason to grant allowance of appeal, Appellant contends his sentence is excessive in that the court applied the repeat-felon status[,] and the presentence investigation report in at least one of his two cases did not contain a victim-impact statement. Appellant offers no plausible argument as to why this combined allegation forms a substantial question.
>
> He does not dispute that his prior record qualifies him for repeat-felon status. Rather, he seems to assert that it should not be applied to him, perhaps because the underlying crimes in this matter were misdemeanors. With respect to the victim-impact statement, his claim appears to be that the absence of the statement proves the victim suffered little or no loss. Appellant offers no elaboration and cites no legal authority supporting either of his foregoing contentions.

4

> Lastly, Appellant contends the court acted unreasonably by sentencing him to consecutive "upper limit" (*i.e.*, aggravated-range") sentences in that the court stated it imposed such a sentence because of his criminal history and not due to the impact on the victim(s) or Appellant's rehabilitative needs. As we have already made plain, however, the court explained that it was imposing its chosen sentences based on the aggravating circumstances it placed on the record.
>
> Moreover, we note that a sentencing court has discretion to impose consecutive terms. 42 Pa. C.S.A. § 9721(a). Appellant presents no authority or discussion persuading us that the court abused its discretion in this regard.

(Doc. 10-2, at 4-5.) Because the imposition of petitioner's Pennsylvania state sentence is within the sound discretion of the court, his claims do not raise any constitutional questions and are not reviewable in a federal habeas proceeding. See Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3d Cir.1984). See also 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' ") (quoting Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)).

Moreover, the record demonstrates that further review is not warranted because the sentences imposed were within the statutory limits set forth at 204 PA ADC § 303.2. This provision requires the court to determine the Offense Gravity Score as described in § 303.3 and § 303.15, the Prior Record Score as described in § 303.4 through § 303.8, and the guideline sentence recommendation as described in § 303.9 through § 303.14, including aggravating or mitigating circumstances as noted in § 303.13. In the instant matter, prior to imposing the sentences, the court noted as follows: "Well, I reviewed the entire presentence investigation report. I

note for the record that Mr. Milton is a repeat offender. Both cases carry an offense gravity score of 3, so the repeat offender status puts him at 12 to 18 in the standard range and at 21 in the aggravated range." (Doc. 10-2, at 4). See also, 204 Pa. Code § 303.13 (a) (4) (directing that when the court determines that an aggravating circumstance(s) is present, for the Offense Gravity Scores of 1, 2, 3, 4, and 5, the court may impose a sentence that is up to 3 months longer than the upper limit of the standard range.) The court identified the following circumstances that warranted placement in the aggravated range: "There are two separate incidents. One is that Mr. Milton tested positive for marijuana and cocaine during his urinalysis screening. He was arrested twice while he was out on bail on these offenses for other offenses. He shows no remorse. And at least according to the probation officer, he was less then honest at the time of the PSI." (Doc. 10-2, at 4-5.) The court also referenced the array of crimes petitioner committed while in New York and observed that, despite his proclaiming a new start, his criminal behavior continued when he moved to Pennsylvania." (Id. at 5.) The sentence imposed was within the statutory limits. Consequently, the petitioner is not entitled to habeas relief.

## III.  Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied. An appropriate order follows.

## IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, no COA will issue.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

Dated:     December 6, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENN B. MILTON,** | : | CIVIL ACTION NO. 1:09-CV-1477 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **GRATERFORD**, | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 6th day of December, 2010, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

3. There is no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge